UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
In re:                                          Chapter 11
                                                Case No. 04-13810 (JMP)
BROADWALL AMERICA, INC.,
                         Debtor.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
In re:
                                                Case No. 05-10616 (JMP)
BRAM WILL EL LLC,
                         Debtor.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
In re:
                                                Case No. 05-10617 (JMP)
WILLIAM MUSCHEL, LLC,
                         Debtor.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
BROADWALL AMERICA, INC.,

                         Plaintiff,             Adv. Pro. No. 06-01788 (JMP)
        -against-                               Adv. Pro. No. 06-01789 (JMP)
                                                Adv. Pro. No. 06-01790 (JMP)
BRAM WILL EL LLC, and
WILLIAM MUSCHEL, LLC,
                         Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**ORDER APPROVING STIPULATION AND ORDER PURSUANT TO RULE 9019(a)
OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND
SECTION 105(a) OF THE BANKRUPTCY CODE, DISMISSING BANKRUPTCY
<u>CASES & GRANTING RELATED RELIEF</u>**

A hearing having been held before the Honorable James M. Peck, Bankruptcy Judge, on November 2, 2010 (the "<u>Hearing</u>") to consider the joint motion (the "<u>Joint Motion</u>") of Broadwall America, Inc. ("<u>Broadwall</u>"), a debtor herein and the plaintiff in the three above-captioned consolidated adversary proceedings (the "<u>Adversary Proceedings</u>"), and each of Bram Will El LLC ("<u>Bram Will</u>") and William Muschel, LLC ("<u>W. Muschel, LLC</u>") (together, the "<u>Defendants</u>"), debtors herein and defendants in the Adversary Proceedings, (a) to approve,

1

pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019(a) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") that certain compromise set forth in the proposed Stipulation and Order attached hereto as "Exhibit A" (the "Stipulation and Order"), (b) to dismiss the Chapter 11 bankruptcy cases of Bram Will, Case No. 05-10616 (JMP), and W. Muschel, LLC, Case No. 05-10617 (JMP) (together, the "Defendants' Bankruptcy Cases"), and the Adversary Proceedings, and (c) for related relief (collectively, the "Settlement"); and the Defendants having previously duly and properly served and filed in each of their cases a motion to dismiss dated June 11, 2010, seeking dismissal of the Defendants' Bankruptcy Cases; and the Bankruptcy Court having reviewed the papers filed in support of and in objection to the Joint Motion, including without limitation, the objection dated October 22, 2010 filed by Aaron Muschel (the "A. Muschel Objection"); and the Bankruptcy Court having heard argument both in support of and in opposition to the Joint Motion; and the Bankruptcy Court having found and determined, under the circumstances of these cases, among other things, that (a) due, proper and sufficient notice of the Joint Motion, the relief requested therein, including dismissal of the Defendants' Bankruptcy Cases, and the Hearing thereon having been given, and, pursuant to sections 102(1) and 105(a) of the Bankruptcy Code, and Bankruptcy Rules 2002(m), 9006, 9007, and 9013, no other or further notice need be provided and that such notice is sufficient; (b) the Settlement constitutes a prudent exercise of the business judgment of each of the debtors herein and is fair and reasonable; (c) the Settlement, including the dismissal of the Defendants' Bankruptcy Cases provided for therein, is in the best interests of each of the debtors' respective creditors and their estates; and (d) "cause" exists, pursuant to sections 105(a) and 1112(b) of the Bankruptcy Code and Bankruptcy Rule 9019, to grant the relief requested in the Joint Motion, including to dismiss the Defendants' Bankruptcy Cases; and based upon the

record at the Hearing and all prior proceedings in these cases; and sufficient cause appearing therefor, after due deliberation, it is

ORDERED, that the Joint Motion to approve the Settlement, including to dismiss the Defendants' Bankruptcy Cases and the Adversary Proceedings, is approved, and any objections to the Joint Motion or any of the relief granted herein, including the A. Muschel Objection, are overruled; and it is further

ORDERED, that nothing contained in this Order or as part of the approval of the Settlement, including the Stipulation and Order annexed hereto as Exhibit A, shall be construed as constituting a finding or determination of, or with respect to the value of the 734 Broadway – 736 Broadway, New York, New York properties ("Broadway Properties"); and it is further

ORDERED, that except as otherwise provided for in the Settlement, including without limitation, with respect to the dismissal of the Defendants' Bankruptcy Cases and the Adversary Proceedings and the sale of the Broadway Properties in accordance with the terms of the Stipulation and Order, nothing contained in this Order or as part of the approval of the Settlement shall (a) prejudice or affect in any way the respective rights, claims and defenses, if any, of Aaron Muschel, Mordechai Muschel and Ruben Muschel among themselves, including without limitation, as to any rights of distribution from the proceeds of sale of the Broadway Properties or from the estate of their father, William Muschel, deceased, (b) prejudice or modify the rights, claims or defenses of any third parties, or (c) bind the Rabbinical Arbitration (Beth Din) with respect to the determination of any issues before it; and it is further

ORDERED, that, pursuant to 11 U.S.C. §§105(a) and 1112(b), the Adversary Proceedings and the Defendants' Bankruptcy Cases be and they hereby are dismissed, and Bram Will and W. Muschel, LLC, and the Clerk of the Court are directed to take any and all steps that may be

necessary, if any, to effectuate the dismissal of such cases; and it is further

ORDERED, that debtors, Bram Will and W. Muschel, LLC, shall pay all U.S. Trustee fees which may have accrued in these matters up to the date of this order of dismissal.

Dated: New York, New York
       November 30, 2010

                                      *s/ James M. Peck*
                                      HONORABLE JAMES M. PECK
                                      UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
In re:

    BROADWALL AMERICA, INC.,           Chapter 11
                                                 Case No. 04-13810 (JMP)

                Debtor.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
In re:

                                                 Chapter 11
    BRAM WILL EL LLC,                   Case No. 05-10616 (JMP)

                Debtor.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
In re:

                                                 Chapter 11
    WILLIAM MUSCHEL, LLC,            Case No. 05-10617 (JMP)

                Debtor.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
BROADWALL AMERICA, INC.,

                Plaintiff,


          -against-                      Adv. Pro. No. 06-01788 (JMP)
                                                Adv. Pro. No. 06-01789 (JMP)
BRAM WILL EL LLC, and             Adv. Pro. No. 06-01790 (JMP)
WILLIAM MUSCHEL, LLC,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -- - - - - - - - - -X

## **STIPULATION AND ORDER APPROVING SETTLEMENT**

      IT IS HEREBY STIPULATED AND AGREED by and among Broadwall America, Inc.

("Broadwall"), the plaintiff in the three above-captioned consolidated adversary proceedings (the

"Adversary Proceedings"), Bram Will El LLC ("Bram Will") and William Muschel, LLC ("W.

Muschel, LLC") (together, the "Defendants"), defendants in the Adversary Proceedings, Gary Barnett ("Barnett"), the principal of Broadwall, the Estate of William Muschel (the "Estate"), the sole principal of the Defendants, and Mordechai Muschel, as follows:

The Bankruptcy Cases

WHEREAS, on June 2, 2004 (the "Broadwall Petition Date"), Broadwall filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Broadwall Bankruptcy Case") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"); and

WHEREAS, prior to the Broadwall Petition Date, Broadwall, as purchaser, and the Defendants entered into a real estate contract of sale dated August 7, 2002 (the "Contract") involving two properties located at 734 and 736 Broadway in Manhattan, New York (the "Properties"); and

WHEREAS, on January 20, 2005, the Bankruptcy Court entered an order (the "Confirmation Order") confirming Broadwall's First Amended Chapter 11 Plan of Reorganization (the "Plan") and the Plan became effective; and

WHEREAS, on January 31, 2005, Broadwall made full distributions, with interest, to holders of allowed claims and allowed equity interests under the Plan, and otherwise substantially consummated the Plan; and

WHEREAS, on December 29, 2005, Barnett acquired all of the equity interests of Broadwall and, as a result of all holders of allowed claims against Broadwall having been fully paid on January 31, 2005, Barnett, as the sole shareholder of Broadwall, is the only remaining

person with an economic interest in the disposition of Broadwall's assets; and

WHEREAS, on February 3, 2005, each of the Defendants filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (together, the "Defendants' Bankruptcy Cases") in the Bankruptcy Court; and

WHEREAS, the Defendants continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code, and no committee of unsecured creditors has been appointed in either of the Defendants' Bankruptcy Cases; and

WHEREAS, the Defendants are wholly owned by the Estate, of which Aron Muschel, Reuvan Muschel and Mordechai Muschel are joint executors, and equal distributees of the Estate; and

WHEREAS, following a memorandum decision and order dated March 23, 2005 issued by Judge Blackshear in the Broadwall Bankruptcy Case, Broadwall and the Defendants returned to the Supreme Court of the State of New York, County of New York (the "State Court") to litigate certain issues in an action entitled *Broadwall America, Inc. v. Bram Will El LLC and William Muschel, LLC,* No. 603383/02 (the "State Court Action"); and

WHEREAS, on November 23, 2005, the State Court issued a decision in the State Court Action (the "Lower Court Decision") and granted summary judgment in favor of Broadwall determining that Broadwall had the right to compel a closing under the Contract; and

WHEREAS, the Defendants thereafter posted a bond, and on December 20, 2005, appealed the Lower Court Decision to the Appellate Division, First Department; and

WHEREAS, in a decision dated September 21, 2006 (the "State Appellate Decision"), the First Department reversed the State Court's Summary Judgment Decision and determined that Broadwall had no right to compel a closing under the Contract; and

WHEREAS, on or about October 10, 2006, Broadwall commenced the Adversary Proceedings seeking declaratory and injunctive relief in connection with the scope and validity of the State Appellate Decision; and

WHEREAS, thereafter the Appellate Division denied Broadwall's motion for reconsideration and/or right to appeal to the Court of Appeals and the Court of Appeals denied any further request of appeal; and

WHEREAS, on May 18, 2007, the Defendants filed an amended answer in the Adversary Proceedings; and

WHEREAS, on _____, 2010, the Rabbinical Panel adjudicating the rights between the Muschel brothers determined that Mordechai Muschel would receive distribution of the ownership interest in the debtors Bram Will and W. Muschel, LLC in accordance with the decision of the Rabbinical Panel annexed hereto as Exhibit "A" (the "Rabbinical Court Award") and in accordance with the direction of the Rabbinical Panel as to closing and payment.; and

WHEREAS, following arm's length and good faith negotiations, to avoid the further expenditure of time, effort and money, and the inconvenience incident to litigating the issues raised in the Adversary Proceedings, the parties desire fully and finally to compromise, settle and resolve the disputes between and amongst them as to the right to close under the Contract on the terms set forth herein; and

WHEREAS, Barnett, as the sole owner of Broadwall and the only remaining party in interest with respect to the Broadwall estate has agreed to have Broadwall withdraw, with prejudice, and release any further claims which it may have, including but not limited to any claims with respect to the Contract, provided that Barnett is released as to any potential claims, if any, against him with respect to the Contract; and

NOW THEREFOR, in consideration of the mutual promises and covenants contained herein and for other good and valuable consideration, the receipt and adequacy of which is hereby acknowledged, on consent of the parties, it hereby stipulated, agreed and ordered, as follows:

1. The recitals and prefatory phrases and paragraphs set forth above are hereby incorporated in full, and made a part of, this Stipulation and Order.

2. Subject to the terms hereof, notwithstanding anything contained in the Confirmation Order or Plan to the contrary, Broadwall waives any and all rights and/or claims it has or may have against the Muschel Releasors, as hereinafter defined, either under the Contract or otherwise, including, but not limited to any right to acquire the Properties under the Contract, including, without limitation, any right to compel a sale or closing of the Properties under the Contract (the "Waiver"). The Defendants otherwise fully reserve all other rights, claims or defenses that they have against any other parties arising under or otherwise related to the Contract, if any, and nothing contained herein shall impair, prejudice or otherwise affect such rights, claims and defenses including such claims now asserted by Defendants in a certain state court action entitled *Bram Wil-El LLC, et. al v. Extreme Realty, LLC, et. al, case no. 12667/07,*

*Supreme Court of the State of New York, Kings County* ("Defendants Action") none of which rights shall be impaired or affected under this Stipulation of Settlement.

3. Each of the Defendants will file a motion seeking to dismiss their respective Defendants' Bankruptcy Cases. It is a condition precedent to the effectiveness of this Stipulation and Order, including, without limitation, the Waiver and dismissal of the Adversary Proceedings, that the Bankruptcy Court issue and enter orders, in substantially the forms attached hereto at Exhibit "B", dismissing each of the Defendants' Bankruptcy Cases (together, the "Defendants' Dismissal Orders") and that the Defendants' Dismissal Orders become Final Orders. For purposes of this Stipulation and Order, the term "Final Order" means an order, ruling or judgment of the Bankruptcy Court to which no notice of appeal has been filed and the statutory time to appeal has lapsed, or if an appeal has been filed, an order ruling or judgment has been entered by the appellate court and no appeal has been filed and the statutory time to appeal has lapsed.

4. Upon the Defendants' Dismissal Orders and this Stipulation and Order all becoming Final Orders, each of the Defendants, the Estate, Mordechai Muschel and their respective predecessors, successors, shareholders, members, officers, principals, employees, agents, heirs and assigns (collectively, the "Muschel Releasors") are deemed to have released Barnett and his predecessors, heirs, executors, administrators, agents, successors and assigns, but not Broadwall or its predecessors, its executors, administrators, agents, successors and assigns that relate to the period prior to the time Barnett acquired the equity interest in Broadwall (collectively, the "Barnett Released Parties") of and from any and all claims, causes of action,

suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty or equity, which against the Barnett Released Parties the Muschel Releasors ever had, now have or hereafter can, shall or may, have for, upon, or by reason of any matter, cause or thing (the "Barnett Release"). Anything to the contrary notwithstanding, nothing contained in this Stipulation or in the Barnett Release shall be deemed or construed to waive any claims against any other parties, other than the Barnett Released Parties, and specifically any claims asserted in the Defendants Action. Conversely, the Barnett Released Parties hereby are deemed to have released the Muschel Releasors to the same extent as the Barnett Release given in favor of the Barnett Released Parties. Reuvan Muschel and Aron Muschel shall have the option, exercisable within 20 days of the signing of this Stipulation, to be added as a "Muschel Releasor" and thereby be subject to the release of claims under the Barnett Release and conversely, receive a reciprocal release in return as provided for in this paragraph.

     5.     { omitted }

     6.     { omitted }

     7.     { omitted }

     8.     { omitted }

     9.     { omitted }

     10.    Upon the Defendants' Dismissal Orders becoming a Final Order (a) the Waiver and releases granted under this Stipulation shall become effective and fully enforceable; and (b)

the Adversary Proceedings will be dismissed on consent of the parties, with prejudice, including but limited to Broadwall's claim for specific performance and enforcement of the Contract, each party to bear their own costs, without the necessity for any further documentation or acts by the Court or the parties. Anything to the contrary notwithstanding, nothing contained in this Stipulation, in the Barnett Release or in the dismissal with prejudice of the Adversary Proceedings, shall be deemed or construed to waive any claims against any other parties, and specifically any claims asserted in the Defendants Action.

11. For purposes of full clarity, notwithstanding anything contained herein to the contrary, the Waiver and the dismissal of the Adversary Proceedings shall be of no force or effect unless and until the Defendants' Dismissal Orders and this Stipulation and Order are all Final Orders

12. Broadwall will file a motion seeking entry of a final decree in the Broadwall Bankruptcy Case and otherwise proceed towards closing the Broadwall Bankruptcy Case, which will be consented to by all parties and signatories to this Stipulation and Order.

12a. Upon the dismissal of these proceedings, Mordechai Muschel shall receive distribution of the ownership interest in the debtors Bram Will and W. Muschel, LLC in accordance with the Rabbinical Panel Award and in accordance with the direction of the Rabbinical Panel as to closing and payment. Upon receipt of distribution of the ownership interests in the debtors Bram Will and W. Muschel, LLC, Mordechai Muschel, as the sole member of Bram Will and W. Muschel, LLC shall transfer the property owned by Bram Will and W. Muschel, LLC to Gary Barnett or his designee in accordance with the terms of that

certain Contract of Sale, dated August 4, 2010, a copy of which is annexed hereto as Exhibit "C".

13. Anything to the contrary notwithstanding, this Stipulation and Order, which Stipulation and Order shall survive any closure, dismissal, conversion or other disposition of the Broadwall Bankruptcy Case and/or the Defendants' Bankruptcy Cases and shall be binding on all successors and assigns.

14. Each of the parties and signatories hereto agrees to cooperate in the execution and delivery of any and all documentation reasonably deemed necessary to effectuate the terms of this Stipulation and Order, including, without limitation, in connection with the dismissal of the Defendants' Bankruptcy Cases and the entry of a final decree or other disposition satisfactory to Broadwall closing the Broadwall Bankruptcy Case.

15. Each of the parties and signatories hereto represents and warrants that:

(a) they have been advised by counsel in the negotiation, execution and delivery of this Stipulation and Order;

(b) they have voluntarily, with full knowledge and without fraud, coercion, duress or undue influence of any kind, entered into this Stipulation and Order; and

(c) their counsel has reviewed this Stipulation and Order and that the normal rules of construction to the effect that any ambiguities are to be resolved against the drafting party will not be employed in the interpretation of this Stipulation and Order.

16. The provisions of this Stipulation and Order shall be binding upon, and shall inure to the benefit of, the parties hereto and their respective successors, heirs, assigns, parents,

subsidiaries, affiliated companies, and all of their members, shareholders, principals, officers, agents, servants, and employees.

17. This Stipulation and Order shall be governed and construed in accordance with the laws of the State of New York without giving effect to the conflict of laws or choice of law provisions thereof, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

18. This Stipulation and Order is conditioned upon the execution and delivery of all documents, if any, referenced herein. The parties and signatories agree to cooperate in the execution and delivery of any such documents.

19. This Stipulation and Order and the documents executed in connection herewith contain the entire agreement among the parties with respect to the subject matter hereof and supersedes all prior agreements and understandings, oral or written, with respect to such matters. This Stipulation and Order cannot be changed, waived or terminated orally.

20. This Stipulation and Order may be signed in one or more counterparts, each of which shall be deemed an original, and all of which shall constitute one and the same agreement. The signatures on this Stipulation and Order may be exchanged and transmitted by facsimile transmission, which signatures shall be deemed originals and shall be deemed valid and binding for all purposes. In the event that suit or a proceeding is brought to enforce the terms of this Stipulation and Order, the movant shall not be required to produce or introduce into evidence a copy of this Stipulation and Order bearing original signatures of the parties, other than facsimile signatures.

21. This Stipulation and Order was drafted with full and equal participation from the parties and signatories and their counsel, and no provision herein may be construed against or in favor of any of the parties based upon any weight otherwise accorded by law to or against the draftsman of a document.

22. This Stipulation and Order is subject to approval by the Bankruptcy Court. If, after execution and submission of this Stipulation and Order to the Bankruptcy Court, (a) it is not approved by the Bankruptcy Court or the Defendants' Dismissal Orders do not become Final Orders, or (e) the Adversary Proceedings are not dismissed in accordance with the terms hereof, then, in such event, this Stipulation and Order shall be null and void and of no further force or effect and the parties shall be returned to their pre-settlement position, without prejudice to or waiver of any parties' rights or remedies in connection with the matters that are the subject hereof.

23. No failure or delay by any party in exercising any right, power, or privilege under this Stipulation and Order or applicable law shall operate as a waiver against that party.

24. The invalidity, illegality, or unenforceability of any provision of this Stipulation and Order shall not affect any other provision of this Stipulation and Order, which shall remain in full force and effect and which shall be construed as if such invalid, illegal, or unenforceable provision had never been contained herein.

Dated: February __, 2010

**Consented and Agreed:**

BROADWALL AMERICA, INC.                    BRAM WILL EL, LLC

 */s/ Gary Barnett*                          */s/ Mordechai Muschel*
By:                                         By: Morechai Muschel

                                            WILLIAM MUSCHEL, LLC

 /s/ Gary Barnett                            */s/ Mordechai Muschel*
        Gary Barnett                        By: Mordechai Muschel

 BACKENROTH FRANKEL & KRINSKY
*Counsel for Bram Will El, LLC*
*William Muschel,LLC*


 By:  */s/ Abraham Backenroth*
        Abraham Backenroth (AB-1989)
        489 Fifth Avenue – 28th Floor
        New York, New York 10017
        (212) 593-1100


New York, New York
IT IS SO ORDERED, THIS
____ DAY OF _____, 2010

_____
Honorable James M. Peck
United States Bankruptcy Judge